## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REBECCA L. AKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. CIV-17-937-HE** |
| | ) | |
| CENTRAL UNITED LIFE | ) | (*Removed from District Court of* |
| INSURANCE COMPANY, | ) | *Oklahoma County, State of* |
| | ) | *Oklahoma, Case No. CJ-2016-5643*) |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Central United Life Insurance Company ("Central United"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1.      Plaintiff commenced this action entitled *Rebecca L. Ake v. Central United Life Insurance Co. & Carol Gatlin*, CJ-2016-5643 (the "Action"), by filing a Petition with the District Court of Oklahoma County, State of Oklahoma, on November 2, 2016. *See* **Ex. 1**, Pet.

2.      The Petition purported to state claims (i) against Central United for breach of contract and breach of the duty of good faith and fair dealing and (ii) against Defendant Carol Gatlin ("Ms. Gatlin") for negligence and fraud.

3.      On May 9, 2017, Central United removed the Action to this Court based on diversity of citizenship as between Plaintiff and Central United and the fraudulent joinder of Ms. Gatlin as exhibited by Plaintiff's failure to timely serve Ms. Gatlin with process.

*See* Notice of Removal, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. May 9, 2017), ECF No. 1.

4.     Plaintiff filed a Motion to Remand, which this Court granted on July 21, 2017. *See* Motion to Remand, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. June 8, 2017), ECF No. 5; Order of July 21, 2017, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. July 21, 2017), ECF No. 7.

5.     In its order remanding the Action to state court, this Court determined that Ms. Gatlin had not been fraudulently joined. *See* Order of July 21, 2017, at 9, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. July 21, 2017), ECF No. 7. This Court further anticipated that the state court could dismiss Ms. Gatlin, leading to a subsequent removal by Central United. *See id.* at 7 ("The Court of course realizes that the state court could dismiss Ms. Gatlin and Central United could remove, meaning that plaintiff's victory on this remand is probably more fanciful than real, and will be short-lived." (quotation marks and citation omitted)).

6.     On August 31, 2017, the District Court of Oklahoma County dismissed Plaintiff's claims against Ms. Gatlin, making this case newly removable pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446(b)(3). *See* **Ex. 21**, Order of Aug. 31, 2017.

7.     The Petition in the Action is attached as **Exhibit 1**. The Summons served on Central United is attached as **Exhibit 2**. The Return of Service filed by Plaintiff as to service on Central United is attached as **Exhibit 3**. An Unopposed Motion for Extension of Time to File Answer and corresponding Order entered by the District of Oklahoma are attached as **Exhibits 4** and **5**, respectively. Central United's Answer is attached as

**Exhibit 6**. Central United's previous Notice of Filing Notice of Removal is attached as

**Exhibit 7**.[1] Plaintiff's purported Return of Summons and Proof of Service Affidavits are

attached as **Exhibit 8** (included as a single exhibit—as Plaintiff filed them with the state

court). Plaintiff's Affidavit to Obtain Service by Publication and Application to Obtain

Service by Publication are attached as **Exhibits 9** and **10**, respectively. Central United's

Special and Limited Appearance to Notify the Court of its Lack of Jurisdiction to Permit

Service by Publication is attached as **Exhibit 11**. The state court's Order Allowing

Service by Publication is attached as **Exhibit 12**.[2] Central United's Special and Limited

Appearance and Emergency Motion to Vacate Order Allowing Service by Publication

due to Lack of Jurisdiction is attached as **Exhibit 13**. Plaintiff's second Affidavit to

Obtain Service by Publication and second Application to Obtain Service by Publication

are attached as **Exhibits 14** and **15**, respectively. A copy of this Court's previous remand

order in Case No. 17-cv-539-R, as also filed in state court, is attached as **Exhibit 16**. The

state court's Order Allowing Service by Publication is attached as **Exhibit 17**. Central

United's Motion to Vacate Order Allowing Service by Publication and Motion to Dismiss

Claims against Gatlin is attached as **Exhibit 18**, with Plaintiff's Response and Central

United's Reply thereto attached as **Exhibits 19** and **20**, respectively. The state court's

---

[1] For efficiency, the copy of the Notice of Removal in Case No. 17-cv-539-R (W.D. Okla.) has been removed from the Notice of Notice of Removal included in Exhibits 7 and 13. It is already available via ECF. *See* Notice of Removal, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. May 9, 2017), ECF No. 1.

[2] Although this Order was signed by the state court judge and mailed by the state court to Plaintiff's counsel for filing, Plaintiff did not file it with the Oklahoma County Court Clerk, and it therefore does not include a filing stamp from the state court.

Order of August 31, 2017, dismissing Plaintiff's claims against Ms. Gatlin, is attached as **Exhibit 21**.

8.     Plaintiff's First Discovery Requests to Central United and Central United's Objections, Answers, and Responses thereto are attached as **Exhibits 22** and **23**, respectively. Central United's First Set of Interrogatories, Requests for Production and Request for Admission, and Plaintiff's Objections, Answers, and Responses thereto, are attached as **Exhibits 24**, **25**, and **28** respectively.[3]

9.     A copy of the Docket Sheet, Oklahoma County, Case No. CJ-2016-5643, is attached as **Exhibit 26**. Central United is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-25 and 27. Moreover, there are no motions pending before the Oklahoma County District Court in this matter; nor are any hearings currently set.

10.     As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Central United has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.     Central United has satisfied the procedural requirements for removal.**

11.     Plaintiff's Petition was not removable on its face because Plaintiff alleged that Gatlin was a citizen of Oklahoma and, upon information and belief, Plaintiff also is a

---

[3] Personal and health-related information relating to Plaintiff has been redacted pursuant to Western District of Oklahoma Electronic Filing Policies and Procedures Manual § II(H)(1). Central United will provide original, non-redacted versions of redacted document to this Court if this Court desires.

citizen of Oklahoma. *See* **Ex. 1**, Pet.; 28 U.S.C. § 1332(a)(1) (requiring the parties be "citizens of different States" for domestic diversity-based jurisdiction to exist).

12.     When a pleading is not initially removable on its face, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, the state court's Order of August 31, 2017, in which the state court dismissed Plaintiff's claims against Ms. Gatlin, is an "order . . . from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see* **Ex. 21**, Order of Aug. 31, 2017.

13.     Because Central United's Notice of Removal is being filed within 30 days of the issuance by the state court of its Order dismissing Plaintiff's claims against Ms. Gatlin, Central United's removal is timely. *See* 28 U.S.C. § 1446(b)(3).

14.     Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County, State of Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

15.     Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

16.     This Court has original jurisdiction over the Action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a)(1) because this is a civil action

(A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by Central United pursuant to 28 U.S.C. § 1441(a).

### A.    The amount in controversy requirement is satisfied.

17.    It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* **Ex. 1**, Pet. 2-3 ("Plaintiff does pray for judgment against the Defendant or Defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for actual damages, and a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for punitive damages, for attorneys' fees herein and for such other relief to which she may be entitled.").

18.    The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. § 1446(c)(2); *see also* Order of July 21, 2017, at 3, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. July 21, 2017), ECF No. 7 (determining, based on Plaintiff's Petition, that "the amount in controversy requirement [in 28 U.S.C. § 1332(a)] is clearly met").

### B.    Upon information and belief, complete diversity of citizenship exists between Plaintiff and Central United—the only remaining defendant.

19.    Plaintiff Rebecca Ake is, upon information and belief, a citizen of Oklahoma. See Pl.'s Mot. to Remand 4, *Ake v. Central United Life Ins. Co.*, No. 17-cv-539-R (W.D. Okla. July 21, 2017), ECF No. 5 ("Plaintiff Rebecca Ake is a citizen of

Oklahoma."); *cf.* **Ex. 1**, Pet. 1 (alleging that the District Court of Oklahoma County "has jurisdiction over the parties").

20.     Central United is a corporation incorporated under the laws of the State of Arkansas with its principal place of business in Texas. *See* **Exhibit 27**, Mullins Decl. ¶ 2;[4] *see also* **Ex. 1**, Pet. 1 (alleging that Central United "is a foreign insurance carrier"). For purposes of determining diversity jurisdiction, Central United is a citizen of Arkansas and Texas.

21.     Thus, there is complete diversity between (A) Plaintiff, as a citizen of Oklahoma upon information and belief, and (B) Central United, which is the only remaining defendant and is a citizen of Arkansas and Texas.

22.     Central United reserves the right to amend or supplement this Notice of Removal.

23.     Central United reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as set forth in its Answer filed in state court. *See* **Ex. 6**, Answer.

24.     Written notice of the filing of this Notice of Removal will be given to Plaintiff and to the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

---

[4] "Diversity of citizenship can be demonstrated by resort to evidence outside the four corners of the complaint." *Smith v. Hillstone Rest. Grp., Inc.*, No. 13-80217-CIV, 2013 WL 2048188, at *2 n.3 (S.D. Fla. May 14, 2013); *see also id.* at *1 n.2 ("The Court may look beyond [the plaintiff]'s complaint to determine whether the parties are diverse.").

WHEREFORE, Central United removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted,

*s/ M. Richard Mullins*

M. Richard Mullins, OBA # 13329
Andrew J. Morris, OBA # 31658
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:        (405) 235-9621
Facsimile:        (405) 235-0439
Email:     rick.mullins@mcafeetaft.com
                andrew.morris@mcafeetaft.com

**ATTORNEYS FOR CENTRAL UNITED LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants, in addition to serving the same counsel via first-class mail with proper postage fully prepaid:

Frank W. Frasier
George Miles
FRASIER, FRASIER & HICKMAN, LLP
1700 Southwest Boulevard
Tulsa, OK 74107
Frasier@tulsa.com

*Attorneys for Plaintiff Rebecca L. Ake*

*s/ M. Richard Mullins*
M. Richard Mullins