16-5643
Prince

IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
NOV - 2 2016
RICK WARREN
COURT CLERK

| | |
|---|---|
| REBECCA L. AKE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ - 2016 - 5643 |
| | ) 50 |
| CENTRAL UNITED LIFE INSURANCE COMPANY, a foreign insurance company, and CAROL GATLIN, an Oklahoma resident, | ) **ATTORNEY LIEN REQUESTED** |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## PETITION

**COMES NOW** the Plaintiff, Rebecca L. Ake, and for this her claim and cause of action against the Defendants, alleges and states as follows.

### I

That Defendant Central United Life Insurance Company is a foreign insurance carrier and may be served with process by service on the Insurance Commissioner of the State of Oklahoma.

That Defendant Carol Gatlin is an agent of Central United Life Insurance Company and a resident of Oklahoma and may be served with process by a private process server.

That this court has jurisdiction over the parties and the subject matter of this action.

**EXHIBIT 1**

## II

That on or about the 11th day of July, 1997, the Plaintiff made application to the Defendant Central United Life Insurance Company (hereinafter referred to as Central United) to procure a policy of insurance to pay benefits in the event she or her spouse became a victim of cancer.

Defendant Central United accepted the application and the policy was issued by Defendant Central United on or about the 15th day of July, 1997, under policy number 7230971, a copy of which is attached hereto, marked Exhibit A, and adopted herein by reference.

That the Plaintiff's spouse herein did in fact become afflicted with cancer; made claims under the referenced policy, done all things precedent to obtain the benefits of the policy, but has been denied benefits under the policy.

## III

Defendant Carol Gatlin was negligent or fraudulent in her actions as an agent and representative of Co-Defendant Central United Life Insurance Company. Defendant Gatlin made representation to Plaintiff about the policy in question she and the Co-Defendant failed to provide.

## IV

That the Defendant(s) are in breach of their contract of insurance and have not conducted themselves in good faith, or dealt fairly with this Plaintiff.

**WHEREFORE,** premises considered, Plaintiff does pray for judgment against the Defendant or Defendants in a sum in excess of Seventy-Five Thousand

Dollars ($75,000.00) as and for actual damages, and a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for punitive damages, for attorneys' fees herein and for such other relief to which she may be entitled.

Respectfully submitted,

FRASIER, FRASIER & HICKMAN, LLP

By: *[signature]*

Frank W Frasier, OBA #17864
George Miles, OBA #11433
1700 Southwest Boulevard
Tulsa, OK 74107-1730
(918) 584-4724
(800) 522-4049
(918) 583-5637 *fax*
frasier@tulsa.com *e-mail*



# CANCER TREATMENT BENEFIT POLICY

Central United Life Insurance Company

Wortham Tower
2727 Allen Parkway, Sixth Floor
Houston, Texas 77019-2115
1-800-669-9030

### THIS IS A LEGAL CONTRACT - READ IT CAREFULLY

**Central United Life Insurance Company** promises to pay the identified benefits in the event an insured suffers a covered loss because of cancer provided the cancer is first diagnosed or first treated more than 30 days after the policy date and while the policy is in force.

### PLEASE EXAMINE THE APPLICATION

We issued this policy based on the answers in the application (a copy is included). If all answers are not complete and true, or if any medical history has been omitted, the policy may be affected. Write to us within ten days if the application is incorrect or incomplete.

### RIGHT TO RETURN THE POLICY WITHIN TEN DAYS

You must be satisfied. Within ten days from the date of delivery you may return this policy to us or the agent from whom you purchased it. If you do so, we will within ten days return all premium paid.

### GUARANTEED RENEWAL RIGHT

You have the right to continue this policy during your lifetime by timely payment of the required premium. We may change the premium rate. If we do so, the change must be for all policies of this form number and type in force in the state in which you reside. In the event we change the premium rate, we will notify you in writing at your last known address of such change at least thirty-one days before the premium due date on which the change is to become effective.

Executed for the Company at its home office in Houston, Texas, on the issue date.

_____                    _____
       Secretary                                   President

CANCER TREATMENT BENEFIT POLICY
GUARANTEED RENEWABLE - SUBJECT TO COMPANY'S RIGHT TO CHANGE PREMIUM
NONPARTICIPATING
THIS IS A SPECIFIED DISEASE POLICY WHICH ONLY PROVIDES
BENEFITS FOR A LOSS DUE TO CANCER

CP-1004-OK

**EXHIBIT A**

## Policy Summary

This Policy provides identified benefits in the event an insured suffers a covered loss for the treatment of cancer provided the cancer is first diagnosed or first treated more than 30 days after the policy date and while this policy is in force.

The schedule states if family coverage is provided.

This policy may be renewed for lifetime of the named insured identified in the Schedule. After the death of the named insured, his or her spouse may continue the policy in force at an applicable premium rate.

Since the policy benefits are limited, you should read it carefully.

This is only a brief summary of the policy. The detailed provisions of the policy are set forth in the following sections.

Schedule.................................................................Page 3
Definitions.............................................................Page 4
Guaranteed Renewal Right...................................Page 1
Cancer Treatment Benefits...................................Page 5
    Part I Basic Benefits......................................Part 5-9
    Part II Unlimited Extended Benefit...............Page 9
    Part III Optional Cancer Disability
        Compensation.....................................Page 9
Required Premium................................................Page 10
Making a Claim for Benefits................................Page 10-11
Conversion Right..................................................Page 12
Other Terms of Your Policy.................................Page 12-13
Application............................................................Page Insert

CP-1004-OK

# CENTRAL UNITED LIFE INSURANCE COMPANY
Houston, Texas

### FIRST OCCURRENCE OF CANCER BENEFIT RIDER

Effective Date: 07/15/97          Policy Number: 7230971

This Rider is made a part of the policy to which it is attached. This is subject to the definitions, provisions, exceptions, and limitations of the policy.

**CANCER** is as defined in the policy to which this rider is attached. "Cancer" as used herein does not include skin cancer. Neither the Initial Amount nor the Accumulative Amount is payable for skin cancer.

**INITIAL AMOUNT** An indemnity equal to $1,000.00.

**ACCUMULATIVE AMOUNT** An accumulating indemnity for each insured person equal to $35.00 per calendar month for each month the rider remains in force. This amount will cease to accumulate for each insured person on the earlier of:
1. the policy anniversary next following their 65th birthday; or
2. upon the first diagnosis of cancer.

### BENEFITS

When the Named Insured (as shown in the Policy Schedule) is first diagnosed with cancer, and we receive proof of diagnosis, we will pay a benefit. The benefit is equal to the Initial Amount plus the Accumulative Amount. This benefit is payable only once during your lifetime.

When a Family Member is first diagnosed with cancer, and we receive proof of such diagnosis, we will pay a benefit. The benefit is equal to one-half the Initial Amount plus one-half of the Accumulative Amount. This benefit is payable to a family member only once during their lifetime.

**TERMINATION** This rider will terminate automatically upon the termination date of the policy to which it is attached.

The Accumulative Amount for persons added after the Rider Date of Issue will accrue from the calendar month during which such person is added. This includes newborn children and any persons added by application.

This rider is issued in consideration of the statements made in the application and the payment of the first premium. The Rider Date of Issue of this rider is the Policy Date unless a different Rider Date of Issue is shown below.

Signed for the Company on the Effective Date of this rider.

*Mary Lou Rainey*
Secretary

*[signature]*
President

CP-1-FOR-1

CENTRAL UNITED LIFE INSURANCE COMPANY

CANCER AND SPECIFIED DISEASES

TREATMENT BENEFIT POLICY

POLICY SCHEDULE

| | | | |
|---|---|---|---|
| Insured: | AKE, REBECCA L | Policy Number: | 7230971 |
| Family Coverage | | Effective Date: | 1997/07/15 |
| | | Renewal Date: | 1997/08/15 |

Handwritten annotations: "30971", "Password:449..."

| | | |
|---|---|---|
| CP10040K | Guaranteed Renewable Subject to Company's Right to Change Premium.<br>Basic Benefits - Extended Benefits.................................$ | 31.13 |
| CP1FOR1 | First Occurrence of Cancer Rider..................................$ | 5.49 |

Premiums

Initial Premium:    36.62

Modal Premium :    36.62    Monthly

For questions or information on premiums or claims, call 1-800-669-9030.

CP10040K

**DEFINITIONS**
When these words are used in this policy, they have the meaning stated:
"you"
The named insured identified in the schedule.
"we (our, us)"
Our Company, Central United Life Insurance Company.
"insured"
You, and if the schedule states that family coverage is provided, "insured" includes your spouse if legally married and your children if the child is (a) dependent upon you for his or her support, (b) unmarried,(c) under the age of twenty-one or twenty-five if a full time student,(d) your child or your spouse's child, natural born, legally adopted, or pending legal adoption and in your custody. A dependent child, regardless of age, will be an insured while the policy is in force if such child is incapable of self-sustaining employment because of mental or physical handicap. You must furnish proof of such incapacity at least thirty-one days prior to the date coverage would otherwise terminate. We may request proof of continued incapacity, but not more frequently than annually.
"schedule"
The page of the policy which identifies specific information about the policy and the benefits.
"policy date"
The date we issued this policy and it became effective.
"cancer"
A disease manifested by the presence of a malignant tumor, characterized by the uncontrolled growth and spread of malignant cells, the invasion of tissue or leukemia. Cancer must be positively diagnosed by a physician upon the basis of a microscopic examination of fixed tissue or preparations from the hemic system (either during life or postmortem). Clinical diagnosis is also acceptable.
"extended care facility"
A licensed nursing facility under the supervision of a Physician or a Registered Nurse which provides 24 hour skilled nursing service and maintains daily medical records on each patient. It does not include facilities which are primarily for the care and treatment of: The aged, drug addicts, or alcoholics.
"hospice"
A facility which provides short periods of confinement for terminally ill patients. It must operate a program of hospice care which meets the standards set for the National Hospice Organization. It must also be directed by a physician, supervised by a nurse and licensed or certified by the state in which it is located.
"hospital"
A legally operated institution for the care and treatment of sick and injured persons which is primarily engaged in providing, either on its premises or in facilities available to it on a prearranged contractual basis, medical, diagnostic, surgical and twenty-four hour nursing service.
An institution is not a hospital if it is principally a rest home, nursing home, custodial care facility, extended care facility, convalescent home, home for the aged, or is principally an institution for the care and treatment of alcoholics and drug addicts. It shall not include any facilities that are separate, identifiable and/or apart from rooms, beds, units, sections or wards used customarily for patient confinement.
Examples of such facilities that are not included in the word "Hospital" are facilities termed "swing bed", "intermediate care", or "step down"

CP-1004-OK

"physician"
    A person (other than the insured or a person related to him or her) who is licensed to practice the healing arts, and who is providing medical advice and treatment within the scope of such license.

"monthly-automatic premium"
    A method of paying required premiums for each month automatically, for example, by bank draft or salary deduction.

"pre-existing condition"
    Any condition not revealed in the application for which medical advice or treatment was recommended or received by or from a physician within 5 years prior to the policy date. This condition is one that would cause an ordinarily prudent person to seek diagnosis, care or treatment.

**CANCER TREATMENT BENEFITS**

If an insured becomes first diagnosed or first treated for cancer more than 30 days after the policy date of this policy and while this policy is in force, we will pay the benefits provided herein. Benefits will be paid for the treatment of cancer beginning on the first day of hospital confinement during which diagnosis is made; provided that in the event diagnosis is not made on or before the first day of hospital confinement, benefits will be paid for no more than ten days of hospital confinement prior to diagnosis of cancer.

This policy does not provide a benefit for any loss or expense resulting from any other disease, sickness, side effect or incapacity other than cancer or any treatment thereof as specifically defined herein.

**PART I - BASIC BENEFIT**

We will pay benefits for cancer treatment according to the following schedule of benefits:

**(A) Hospital Confinement Benefit. No Lifetime Maximum Benefit.**
We will pay $250.00 per day for each day of hospital confinement for each period of hospital confinement up to sixty days. If less than thirty days separates two periods of hospital confinement, for purposes of determining the hospital confinement benefit, the second period of hospital confinement shall be considered to be a continuation of prior confinement. After sixty days of continuous confinement, benefits will be as payable under the Extended Benefits section.

**(B) Surgical Benefits. No Lifetime Limit on Number of Surgeries Performed.**
When a surgical operation is performed on an insured for a condition which is diagnosed as cancer, we will pay the actual fee for such surgical operation, including post-operative attendance, but not exceeding the amount stated in the Schedule of Operations. If an operation is performed which is not scheduled,

We will pay a benefit equal to a comparable fee for such operation. Such comparable fee shall not exceed the lesser of the actual charge or a benefit amount determined by use of the 1974 Revision of the 1969 California Relative Value Studies (Fifth Edition, Revised) with a conversion factor of $50.00 rounded to the nearest dollar. The maximum surgical benefit we will pay is $3,000.00 per operation.

Where two or more surgical procedures are performed through the same incision, the procedure providing the highest surgical benefit will be the basis for the benefit payment.

CP-1004-OK

## SCHEDULE OF OPERATIONS

Maximum Amount

| Procedure Description | Surgery Amount |
|---|---|
| Mastectomy, radical, including breast pectoral muscles and axillary lymph nodes, unilateral | $ 900.00 |
| Shoulder and arm amputation | 1500.00 |
| Laryngectomy, total, with radical neck dissection | 1800.00 |
| Lung Lobectomy | 1163.00 |
| Retroperitoneal lymphadenectomy, including pelvic aortic and renal nodes | 1388.00 |
| Tongue removal with radical neck dissection | 1238.00 |
| Removal of parotid tumor with radical cervical lymphadenectomy | 1313.00 |
| Resection of esophagus | 1425.00 |
| Total gastrectomy with transplant | 1500.00 |
| Total colectomy with ileostomy or ileoproctostomy and proctectomy | 1650.00 |
| Hepatectomy (resection of liver) partial lobectomy | 938.00 |
| Pancreatectomy (Whipple type) | 1650.00 |
| Cystectomy (bladder removal) with bilateral pelvic lymphadenectomy | 1800.00 |
| Total hysterectomy with radical lymphadenectomy (Wertheim type) | 1500.00 |
| Brain Tumor (excision infratentorial or posterior fossa) | 1800.00 |
| Excision intracardiac tumor with ByPass | 3000.00 |
| Excision of lesion of skin | 150.00 |

**(C) Anesthesia Benefit. No Limit on Number of Surgeries Performed.**
We will pay the actual fee for either the professional charge of an anesthesiologist not employed by the hospital or charges made by the hospital where anesthesia is administered by an anesthetist employed by the hospital. The benefit payable shall not exceed an amount equal to twenty-five percent of the surgical benefit we paid.

**(D) Drugs and Medicine Benefit.**
We will pay the actual charges made for drugs and medicines administered to an insured while confined to the hospital. The benefit payable shall not exceed $30.00 per day for each day you are eligible for the Hospital Confinement Benefit payable under Item (A) above.

**(E) Special Nursing Benefit While Hospitalized.**
If an insured is confined to the hospital and requires the services of full-time, private nurses other than that regularly furnished by the hospital, we will pay the actual charges for such nurses, but not to exceed $100.00 per day. The nursing service must be performed by registered graduate nurses, registered licensed practical nurses or licensed vocational nurses not related to the insured. The nursing service must be required and authorized by the insured's physician.

**(F) X-ray Therapy, Radium Therapy, Radiation Therapy and Chemotherapy Benefit. No Lifetime Maximum Benefit.**
We will pay the actual charges for teleradiotherapy, using either natural or artificially propagated radiation, when used for the purpose of modification or destruction of tissue invaded by cancer. We will also pay the actual charges made for interstitial or intercavity application of radium or radio-isotopes in sealed sources. We will also pay the actual charges made for the application of radium or radioisotopic plaques or molds or the administration internally, interstitially, or intracavitarially of radium or radioisotopes in non-sealed sources for the purpose of modification or destruction of tissue invaded by cancer. We will also pay the actual charges for cancericidal chemical substances and the administration thereof for the purpose of modification or destruction of tissue invaded by cancer, to the extent such charges are not paid under the Attending Physician Benefit. We will not pay a benefit for preplanning laboratory tests or diagnostic X-ray related to treatment for cancer.

CP-1004-OK

Benefits under this paragraph will be paid for in-hospital or out-patient treatment.

**(G) Blood and Plasma Benefit. No Lifetime Maximum Benefit.**
We will pay the actual charges made for blood and blood plasma. If the blood is replaced by donors and no charge is made to the insured, the benefit payable under this provision shall be reduced by the value of the donated blood.

**(H) Attending Physician Benefit. No Lifetime Maximum Benefit.**
If an insured is confined to the hospital and requires the services of a physician, we will pay the actual charges for the physician's services, but not to exceed $30.00 per day. The physician must be other than the surgeon who performed a surgical operation for which we paid a benefit. We will not pay for more than one physician's visit each day. "Visit" means an actual call on the insured in the hospital by the physician.

**(I) Ambulance Benefit. No Lifetime Maximum Benefit.**
We will pay the actual charges made by a licensed, professional ambulance company for ground transporting an insured to or from the hospital to which the insured is admitted as a patient. We will not pay for air ambulance service.

**(J) Transportation and Lodging Benefit. No Lifetime Maximum Benefit.**
We will pay the actual charges made by a common carrier for transporting an insured by aircraft, railroad, or bus from his or her legal residence to the nearest hospital in the United States providing special treatment for cancer. This benefit will be paid only if the special treatment required is not obtainable where the insured resides and is specifically prescribed by the insured's physician. If the insured receiving the special treatment is a child, we will also pay for one round trip for you or your spouse to accompany the insured for one such special treatment not to exceed one treatment per confinement. If no public transportation is available from legal residence to the place of specialized treatment and the distance is more than 100 miles round trip, a self driving benefit of $.30 or $.35 per mile will be payable.
If another person, requiring commercial lodging, accompanies an insured and the transportation benefit is paid, then we will pay $50.00 per day as a lodging benefit.

**(K) Prosthesis Benefit.**
We will pay the actual charges for a prosthesis specifically prescribed by the insured's physician. The prosthesis must be provided in connection with the actual treatment of cancer. This benefit is limited to $1,000 for each loss as follows:
1. Breast Prosthesis - Internal or external in connection with breast surgery
2. Artificial Limb Prosthesis - Non-surgical

**(L) Hospice Care Benefit. Lifetime Maximum 180 Days**
We will pay this benefit if an insured receives care provided by a hospice as a result of cancer. We will pay this benefit if a doctor determined that cancer treatments are no longer of benefit to the insured and that the insured is expected to live for only six months or less. We will pay the actual charges, not to exceed $40.00 per day for each day the insured, as a result of cancer:
1. receives a visit (including the insured's home) from a representative of a hospice;or
2. uses the services of a hospital on an outpatient basis under the direction of hospice;or
3. visits a hospice for treatment of services,

We will not pay this benefit while you are confined to a hospital, to a United States Government Hospital, or to an extended care facility. We will not pay for hospice care as a result of cancer for more than 180 days for each person insured by the policy. The 180 days is a lifetime benefit.

CP-1004-OK

**(M) Parent's Dependent Child Care Benefit. No Lifetime Maximum Benefit.**
In addition to the Hospital Confinement Benefit under paragraph (A), we will pay $125.00 per day if a dependent child of the insured is confined to a hospital during a period of hospital confinement. We will not pay for more than 60 days for each period of hospital confinement. If less than thirty days separates two periods of hospital confinement, for purposes of determining this benefit, the second period of hospital confinement shall be considered to be a continuation of the prior confinement.

**(N) Extended Care Facility Benefit.**
We will pay the actual charges not to exceed $50.00 per day when an insured is confined in an Extended Care Facility after a Period of Hospital Confinement. Confinement must begin not later than 14 days after such confinement. The maximum number of days of confinement shall not exceed the number of days in the last Period of Hospital Confinement.

**(O) Outpatient Surgery Benefit.**
If an Insured requires surgery at an Ambulatory Surgical Facility or at a hospital as an outpatient for the treatment of cancer, we will pay the following benefits:
(a) The actual charges for surgery and post operative care not to exceed 150% of the surgical fee for the operation as determined by Item (B) Surgical Benefits; and
(b) the actual charges not to exceed 25% of the surgical benefits under this provision for anesthesia given by or under the direction of an Anesthesiologist; or by an Anesthetist under the direction of a Physician; and
(c) the actual charges not to exceed $375 per operation for: drugs, medicines, and laboratory tests (otherwise not payable under Item G, "Blood and Plasma") performed on an outpatient basis and directly related to the surgery. Such expense must be incurred not more than 15 days before or after the surgery; and
(d) one visit by the attending Physician on the day surgery is performed (when such Physician is not the surgeon who performed the operation) not to exceed $45.00 per operation.

If the diagnosis of cancer is made at the same time surgery is performed, we will pay benefits as if diagnosis was made prior to the surgery. We will pay benefits under this provision for Skin Cancer upon which positive diagnosis has been made, removed at the Physician's office or other medical facility. If an insured is admitted to a hospital within 30 days following Outpatient Surgery other than due to complications of the surgery, or for reasons totally unrelated to the surgery, we will pay benefits as if the insured were hospital confined for the surgery and the benefits of this provision shall be null and void for the surgery.

**(P) Home Nursing Benefit.**
We will pay this benefit if an insured requires the full-time services of a nurse while confined at home. We will pay the actual charges for such services, not to exceed $100 per day. The services must be ordered by your attending physician. The services must begin within 3 days after a hospital confinement as covered under the Hospital Confinement Benefit. The number of days this benefit is payable shall not exceed the number of days the Daily Hospital Benefit was payable in the prior hospital Confinement.

CP-1004-OK

**(Q) Government or Charity Hospital Benefit.**
We will pay the following benefits when an insured is treated in a government or charity hospital:
- (a) $200 per day for each day of confinement; for the first ten (10) days; and
- (b) $125 per day for each day of confinement beginning on the 11th day until the insured is released; and
- (c) $75 per treatment, limited to one (1) treatment per day, for outpatient radiation or chemotherapy at such a hospital.

Confinement must be in a hospital owned or operated by the United States Government; or a hospital that does not charge for its services. Continued confinement must be primarily for the treatment of cancer. Benefits under this provision are paid in lieu of all other benefits in this policy when an ins insured is confined or treated in a government or charity hospital. If an insured is confined in a government hospital that requires the insured to pay for most of the services and treatments it renders, we will pay according to the other applicable benefits in this policy, in lieu of this benefit.

**PART II UNLIMITED EXTENDED BENEFIT. No Lifetime Maximum.**
If an insured has been confined in a hospital for an uninterrupted period of sixty days for cancer treatment, thereafter the Basic Benefit under paragraph (A) for Hospital Confinement shall cease and this Unlimited Extended Benefit shall be paid in lieu thereof. Beginning with the sixty-first day of continuous hospital confinement and continuing until the end of such continuous confinement, we will pay in full the actual charge made for hospital room and board including intensive care. These payments shall be made in addition to any other benefits payable under this policy. This Unlimited Extended Benefit is paid in addition to the Basic Benefit under Part I except for paragraph (A).

**PART III OPTIONAL CANCER DISABILITY COMPENSATION** (In Lieu of All Other Benefits)
If you have been positively diagnosed with cancer and you have other health insurance, under one or more policies or service contacts in force, you may elect to receive optional disability compensation.

However, if this provision is prohibited in the state where this policy was issued, this provision shall be null and void (In addition, this policy will contain an endorsement to this effect, if required by law in the state of issue).

If this option is elected we will pay the following benefits:
- (a) $1400 per week not to exceed 52 weeks while you are hospital confined for cancer; and
- (b) $280 per week not to exceed 104 weeks while you are confined in an extended care facility for cancer. Admission must begin not more than 14 days after your release from a hospital; and
- (c) $350 per week not to exceed 26 weeks if you are released from a hospital with a prognosis of terminal illness and an estimated life expectancy of 6 months or less.

In addition, the election of this option is subject to the following conditions:
- (a) You must request to elect this option before any payments from other benefits of this policy are made for each cancer that is positively diagnosed.
- (b) Once this option has been elected for cancer all future benefits payable with respect to the cancer will be paid under this provision, subject to the above maximums. Benefits paid for periods less than one week will be paid pro rata.
- (c) Once elected, the benefits of this provision are in lieu of all other benefits in this policy for the cancer.

**REQUIRED PREMIUM**

**Premium Payment:**
   To keep this policy in force, you must pay the premium when it is due. The first premium is due on the policy date. The due dates of renewal premiums are determined by the mode of premium payment you have selected. If the mode is monthly-automatic, the renewal premium is due on the same day of each month as the policy date.
   You may change the frequency selected for the payment of premium. Your request must be written and received by us while the policy is in force.

**Premium Adjustment:**
   We may adjust the premium for this policy effective on a due date of any premium. If we do so, we must adjust the premium for all policies of this form number and type in force in the state in which you reside. Before any premium adjustment is effective, we will mail you written notice thirty one (31) days prior to the effective date. Only the premium can be adjusted, we cannot modify the benefits provided by this policy while it continues in force.

**Grace Period:**
   You are allowed a grace period of thirty-one days after the premium due date in which to pay premium. The policy remains in force during the grace period.

**Reinstatement:**
   If this policy lapses because you did not pay the premium, it can be later reinstated on a premium paying basis.
   If we require an application for reinstatement and issue a conditional receipt for the unpaid premium, we must approve the reinstatement before it is effective. We can impose conditions on the reinstatement.
   We must act on your application for reinstatement within forty-five days after we receive it. If we fail to notify you of rejection or of any conditions to reinstatement within forty-five days, the reinstatement will be complete.
   If this policy is reinstated, it will cover only loss sustained after the date of reinstatement and from treatment of cancer which begins after the date of reinstatement.
   Any premium we accept for reinstatement will be applied to a period for which premium has not been paid. No premium will be applied to a period more than sixty days prior to the reinstatement date.
   Reinstatement will not be permitted if the date of reinstatement is subsequent to the date coverage otherwise terminates for any insured.

**MAKING A CLAIM FOR BENEFITS**
   It is our intention to help you to fulfill your responsibility to supply the information necessary for a determination of your right to benefits under this policy. If you have any questions about the processing of the claim, please contact our home office by writing, Wortham Tower, 2727 Allen Parkway, Houston, TX 77019-2115.

**Notice of Claim:**
   You must give us written notice of a claim for benefits under this policy. The notice should be received by us within thirty days after the loss , or as soon as is reasonably possible. Notice to us by writing the address shown above, identifying the insured, is sufficient. You may also inform our agent of the claim.

CP-1004-OK

**Claim Forms:**
After we have received notice from you of a claim, we will supply forms for filing you proof of loss. If we have not sent the forms to you within fifteen days after the notice of claim is received, you will be deemed to have complied with the proof of loss requirement if you send to us a written report of the cancer treatment for which benefits are claimed. This information should be supplied to us within ninety days.

**Proof of Loss:**
Written proof of loss of your claim for benefits, made by completing the claim form we supply, should be sent to us within ninety days after the date of loss or as soon as is reasonably possible. Failure to send us the completed claim form within ninety days will not affect your right to benefits, however, you must send us the completed form within one year of the loss. We cannot process your claim for benefits until you supply us the required information.
You are excused from the time requirements for making a claim for benefits if you lack legal capacity.

**Payment of Benefits:**
We will pay benefits to which you are entitled immediately upon receipt of the proof of loss supporting the claim. We will notify you in writing within fifteen working days if additional data is needed to review a claim.

The same fifteen day notice will be given if we deny a claim. Any benefits withheld and paid later will receive interest at the rate of 9 percent per annum. If we are paying a monthly disability benefit, the benefit will be paid each thirty days.
Benefits will be paid to you. If accrued benefits are payable at the time of the death of an insured, such benefits will be paid to you and if you are not living, to your spouse. If the amount payable is $1,000.00 or less, and there is no one available to give us a valid release, we can pay the benefit to any relative (by blood or marriage) of the insured whom we believe to be equitably entitled to it. If we do this, we shall be deemed discharged of further obligation to pay the benefit.

**Post-Mortem Diagnosis:**
We will pay the benefits of this policy if the required diagnosis of cancer is made after the death of an insured. Our liability for benefits is limited to the period of treatment beginning on the date of admission of the insured to a hospital to which continuously confined until death, but not to exceed forty-five days.

**Assignment:**
No assignment of any benefit of this policy shall bind us unless we receive written notice thereof prior to the payment of the benefit. We do not assume any responsibility for the validity of any assignment.

**Unpaid Premium at Time of Claim Payment:**
If when we pay a claim hereunder any premiums are then due but unpaid, we will deduct the unpaid premium from the benefit.

**Physical Examination:**
While there is a claim pending, we may require that the insured be examined by a physician we choose. If we require a physical examination, we will pay the cost.

**Nonwaiver:**
Receipt by us of a notice of claim, the furnishing of claim forms or the investigation of a claim will not constitute a waiver of any of our rights with reference to the payment of a claim.

CP-1004-OK

**CONVERSION RIGHT**
   If coverage of an insured other than the named insured terminates for any reason other than failure to pay premium, such insured may be issued, without evidence of insurability, an individual cancer treatment benefit policy (" the conversion policy") on the following conditions:
   (1)  We must receive written application for the conversion policy not later than 60 days after the date on which such insured's coverage under this policy terminates. The effective date of the conversion policy will be the date of the termination of the coverage under this policy.
   (2)  The premium for the conversion policy shall be that which we are charging for the conversion policy on its issue date.
   (3)  The conversion policy will be on such form as is then being issued by us and will provide cancer treatment benefits which most nearly approximate the benefits provided by this policy.
   (4)  The conversion policy will exclude any condition excluded by this policy with respect to such insured at the time of termination of coverage.
   (5)  Benefits payable under the conversion policy will be reduced by any benefits payable under this policy with respect to such insured after termination of coverage under this policy.

**OTHER TERMS OF YOUR POLICY**

**Our Contract With You:**
   These pages are your entire contact with us. We issued it based upon your application and the payment of premium by you. A copy of the application is included.
   Only our officers have authority to agree to extend the time in which you can pay premium or otherwise change this policy. Any change must be written.

**When Protection Starts:**
   The issue date is the date when this policy becomes effective if the first premium has been paid. The premium due dates, policy years and the policy anniversaries are determined by the issue date stated in the Schedule. All periods of insurance begin and end at 12:01 o'clock a.m., standard time, at the place where the named insured resides. Coverage begins 30 days after the date of the policy.

**Time Limit on Certain Defenses:**
   This policy will be incontestable by us, unless you do not pay the premium, after it has been in force for two years from the issue date. (six months if the named insured is sixty-five or over.) This means that we cannot use any misstatement by you in the application to challenge any claim or to avoid liability under this policy after that time.

**Exceptions, Limitations and Exclusions:**
   Pre-existing conditions will not be covered until this policy has been in force for two years (six months if the insured is sixty-five or over). Pre-existing conditions will be covered after this policy has been in force for two years (six months if the insured is sixty-five or over), unless they are excluded by name or specific description in this policy.

   If a covered condition manifests itself within 30 days of the policy date, benefits will be payable only for those claims associated with the covered condition that are on or after the 31st day.

CP-1004-OK

**Ownership:**
The named insured is the owner of this policy. The owner controls the policy while it is in force. No assignment of this policy shall bind us unless we receive written notice of it.

**Incorrect Age:**
If the age of an insured is incorrectly stated in the application, we will adjust any benefits payable to the amount which the premium paid would have purchased at the correct age.

**Client-Physician Relationship:**
Each insured shall have the right to select his or her own physician and hospital.

**Nonparticipating:**
This policy does not participate in our earnings.

**Legal Actions:**
If you are not satisfied with the payment of benefits we make under this policy, you may institute a legal action against us. You must wait at least days after you have submitted the proof of loss before beginning the legal action. The laws of the state in which you reside establish a maximum time in which a legal action can be brought. If you do not timely file a legal action, you right to do so can be barred.

**Conformity with State Law:**
This policy is subject to the laws of the state where the application was signed. If any part of the policy does not comply with the law, it will be treated by us as if it did.

**Death of Named Insured:**
If you die and your spouse is then an insured, she or he may continue this policy in force by requesting in writing that we designate her or him the named insured.

CP-1004-OK

**Ownership:**
The named insured is the owner of this policy. The owner controls the policy while it is in force. No assignment of this policy shall bind us unless we receive written notice of it.

**Incorrect Age:**
If the age of an insured is incorrectly stated in the application, we will adjust any benefits payable to the amount which the premium paid would have purchased at the correct age.

**Client-Physician Relationship:**
Each insured shall have the right to select his or her own physician and hospital.

**Nonparticipating:**
This policy does not participate in our earnings.

**Legal Actions:**
If you are not satisfied with the payment of benefits we make under this policy, you may institute a legal action against us. You must wait at least days after you have submitted the proof of loss before beginning the legal action. The laws of the state in which you reside establish a maximum time in which a legal action can be brought. If you do not timely file a legal action, you right to do so can be barred.

**Conformity with State Law:**
This policy is subject to the laws of the state where the application was signed. If any part of the policy does not comply with the law, it will be treated by us as if it did.

**Death of Named Insured:**
If you die and your spouse is then an insured, she or he may continue this policy in force by requesting in writing that we designate her or him the named insured.

CP-1004-OK