IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| REBECCA L. AKE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-17-937-R |
|  | ) |  |
| CENTRAL UNITED LIFE INSURANCE COMPANY, | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is Plaintiff's Motion to Reconsider (1) the District Court of Oklahoma County's August 31, 2017, order ("State Court Order," Doc. 34-2) dismissing Plaintiff's claims against then-defendant Carol Gatlin, and (2) the Court's December 29, 2017 order (Doc. 27) striking Plaintiff's Amended Complaint (Doc. 21) and quashing her summons of Carol Gatlin. *See* Doc. 29. The Court hereby denies the Motion for failure to present grounds for reconsideration.

The parties have extensively litigated Carol Gatlin's presence in this case over the last year. Plaintiff, an Oklahoma resident, filed a petition against Defendant Central United Life Insurance Company ("Central United"), a foreign corporation, and Gatlin, an Oklahoma resident and former employee of Central United,[1] in the State Court on November 2, 2016. *See Ake v. Central United Life Ins. Co. and Carol Gatlin*, No. 17-CV-

---

[1] Both parties assume that at the time of this case's filing—the relevant date for diversity jurisdiction purposes—Gatlin was an Oklahoma resident allegedly living in Mexico. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004). Without evidence concerning Gatlin's "intent to remain" in Mexico at time-of-filing, the Court assumes she is an Oklahoma resident. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)

1

539, Doc. 1-1. Following expiration of Oklahoma's 180-day window for service, Defendant Central United removed the case to the Western District of Oklahoma on May 9, 2017, on the basis of diversity jurisdiction. *Id.*, Doc. 1; *see* 12 Okla. Stat. § 2004(I). The Court then granted Plaintiff's motion to remand because an unserved defendant's citizenship impacts the diversity inquiry. *Id.*, Doc. 7. However, the State Court dismissed this unserved defendant Gatlin on August 21, 2017, and vacated its prior decision allowing service of Gatlin by publication. *See Ake v. Central United Life Ins. Co.*, No. 17-CV-937, Doc. 34-2.[2] On August 31, 2017, her dismissal provided the basis for Defendant's second removal to this Court. *See* Doc. 1. Since then, Plaintiff has repeatedly ignored prior orders acknowledging Gatlin's dismissal and has tried to maintain her as a party. *See id.*, Docs. 7–14, 21–23, and 27. On January 4, 2018, Plaintiff filed a second amended complaint against Defendant Central United, Doc. 28. She now seeks reconsideration of prior orders dismissing Gatlin in order to serve Gatlin outside the requisite 180-day window.

Federal Rule of Civil Procedure 54(b) allows for reconsideration of a prior order—including the State Court Order that "in essence is federalized when the action is removed to federal court," *Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992); *see* 28 U.S.C. § 1450—upon "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

---

[2] The remaining docket numbers below refer to Plaintiff's instant case, 17-CV-937.

2000).³ "[A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.*

Plaintiff has not presented an intervening change in controlling law, and her reference to "clear error and . . . manifest injustice" is a conclusory argument without merit. Doc. 36, at 2. After all, neither party has briefed whether *respondeat superior* applies to inculpate Central United for Gatlin's actions. If it does apply, Gatlin's status as a defendant is less relevant because Plaintiff's allegations against her would bear directly on Central United's liability. If the doctrine does not apply, Plaintiff has made no effort to demonstrate how this would prejudice her claim sufficient to constitute a "manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. Further, Plaintiff has not shown "clear error" in the Court's prior finding that Defendant filed a timely and proper notice of removal on August 31, 2017. *See* Doc. 20, at 2; Doc. 29, at 2–4.

Thus, Plaintiff's remaining outlet for reconsideration is "new evidence previously unavailable." *Id.* This alleged new evidence is a transcript of a January 3, 2018, call between Plaintiff's counsel and Gatlin in which Gatlin states that she has resided in Mexico for the last three years. *See* Docs. 29-1, 29-2. Assuming Gatlin actually was residing consistently outside Oklahoma during the 180-day service window, this service deadline

---

³ Technically, the Federal Rules do not recognize a motion for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L. P .*, 312 F.3d 1292, 1296 n. 3 (10th Cir.2002). However, Rule 54(b) provides for "revising" prior orders pre-judgment, and courts have applied Rule 59(e)'s standard for altering or amending a judgment. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003); *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1180 (10th Cir. 2008); *Grimes v. Cirrus Indus., Inc.*, No. CIV-08-1222-D, 2010 WL 2541664, at *1 (W.D. Okla. June 18, 2010); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002).

"shall not apply" and the State Court Order's justification is undermined. 12 Okla. Stat. § 2004(I); *see* State Court Order, Doc. 34-2 (citing § 2004(I)). Gatlin's move to Mexico would also justify Plaintiff's many failed in-person attempts at service. *See* Docs. 36-1, 36-2. However, Defendant rightly notes Plaintiff's inexplicable failure to show "why this phone call could not have transpired in the 180 days following the filing of Plaintiff's petition in state court." Doc. 35, at 3. The Motion suggests that counsel merely called a publicly available number and Gatlin answered, identifying herself and sharing that she has resided outside Oklahoma for the last three years. *See* Doc. 29, at 2. Plaintiff also has not explained why she did not attempt service by publication within the proper 180-day window. *See* 12 Okla. Stat. § 2004(C)(3). Therefore, Gatlin's presence abroad does not constitute evidence "previously unavailable," and reconsideration is inappropriate. *Servants of Paraclete*, 204 F.3d at 1012. The Motion, Doc. 29, is DENIED.

IT IS SO ORDERED this 13th day of February, 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE